FILED
10 SEP 27 PM 1:42
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:           DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN NOVOBILSKY; et al., <br><br> Plaintiffs, <br> vs. <br><br> DESIREE BRACA; et al., <br><br> Defendants. | CASE NO. 10-CV-1966 BEN (NLS) <br><br> ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING PENDING MOTIONS AS MOOT |

On September 21, 2010, Plaintiff filed a motion for the return of certain property. (Docket No. 1.) The Court construes this motion as Plaintiff's Complaint on the grounds that it initiated this action, includes Plaintiffs prayer for relief, and no other initiating pleading has been filed. See Fed. R. Civ. P. 3. Plaintiff also filed motions to proceed in forma pauperis and for the appointment of counsel. (Docket Nos. 2, 3.) After conducting an initial review of the Complaint, the Court finds that the Complaint fails to state a basis for federal court subject matter jurisdiction and, therefore, must be dismissed sua sponte pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) (it is well settled that a court may dismiss a complaint sua sponte for lack of jurisdiction).

Rule 12(h)(3) provides,

> If the court determines at any time that it lacks subject-matter jurisdiction the court must dismiss the action.

Fed. R. Civ. P. 12(h)(3). According to the Complaint, the California Department of Motor Vehicles

1    obtained a search warrant that enabled it to seize Plaintiff's vehicle and other property, including two
2    computers. Plaintiff alleges the search warrant was obtained through the use of false statements. The
3    Complaint, however, does not indicate how these facts invoke federal jurisdiction, nor does it include
4    sufficient allegations enabling the Court to make an independent assessment thereof. Although the
5    Civil Cover Sheet states jurisdiction is based on the action including a "U.S. Government Defendant,"
6    Plaintiff fails to name any "U.S. Government Defendant" as a defendant in this action or even include
7    factual allegations involving such a defendant. Thus, federal subject matter jurisdiction is lacking.

8    In light of the above, this action is **DISMISSED** sua sponte for lack of subject matter
9    jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's motion for the return of
10   certain property (Docket No. 1) is **DENIED** as moot; Plaintiff's motion to proceed in forma pauperis
11   (Docket No. 2) is **DENIED** as moot; and Plaintiff's motion for appointment of counsel (Docket No.
12   3) is **DENIED** as moot.

13   **IT IS SO ORDERED.**
14   Date: September 27, 2010

Hon. Roger T. Benitez
United States District Court Judge